### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONICA CHAMBERS<br>            Plaintiff,<br><br>v.<br><br>BOB'S DISCOUNT FURNITURE, and BOB'S DISCOUNT FURNITURE LLC c/o CORPORATION SYSTEMS and ANY FURNITURE REPAIRS, INC. and JOHN DOE<br><br>            Defendant. | CIVIL ACTION<br><br>2:21-CV-01642 |

### ORDER

**AND NOW**, this _____ day of _____, 2021, upon consideration of Defendant, Bob's Discount Furniture and Bob's Discount Furniture LLC's Motion to Dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), and any responses thereto, it is hereby **ORDERED** that the motion is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is hereby dismissed with prejudice as to Defendants Bob's Discount Furniture and Bob's Discount Furniture LLC.

                                                                BY THE COURT:


                                                                _____
                                                                U.S.D.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONICA CHAMBERS<br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>BOB'S DISCOUNT FURNITURE, and BOB'S DISCOUNT FURNITURE LLC c/o CORPORATION SYSTEMS and ANY FURNITURE REPAIRS, INC. and JOHN DOE<br><br>　　　　　　　Defendant. | CIVIL ACTION<br><br>2:21-CV-01642<br><br>JURY TRIAL DEMANDED |

## DEFENDANT BOB'S DISCOUNT FURNITURE'S
## MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO
## <u>FED. R. CIV. P. 12(B)(6)</u>

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Bob's Discount Furniture and Bob's Discount Furniture LLC (collectively "Bob's Discount Furniture" or "Bob's") hereby move to dismiss with prejudice Plaintiff's Complaint for failure to state a claim upon which relief can be granted. Pursuant to Local Rule 7.1(c), Bob's Discount Furniture incorporates by reference and will rely on the accompanying Memorandum of Law.

**Oral argument is requested.**

　　　　　　　　　　　　　　　　　　　　　WHITE AND WILLIAMS LLP

　　　　　　　　　　　　　　　　　　BY: _/s/ James D. Burger_____
　　　　　　　　　　　　　　　　　　　　　James D. Burger, Esquire
　　　　　　　　　　　　　　　　　　　　　Douglas M. Weck, Esquire
　　　　　　　　　　　　　　　　　　　　　Attorneys for Defendants,
　　　　　　　　　　　　　　　　　　　　　Bob's Discount Furniture and
Dated:　April 19, 2021　　　　　　　　　 Bob's Discount Furniture LLC

26990940v.1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONICA CHAMBERS<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>BOB'S DISCOUNT FURNITURE, and BOB'S DISCOUNT FURNITURE LLC c/o CORPORATION SYSTEMS and ANY FURNITURE REPAIRS, INC. and JOHN DOE<br><br>　　　　　Defendant. | CIVIL ACTION<br><br>2:21-CV-01642 |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT BOB'S DISCOUNT FURNITURE'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT PURSUANT TO
<u>FED. R. CIV. P. 12(B)(6)</u>**

　　　　　　　　　　　　　　　　　　　WHITE AND WILLIAMS LLP

　　　　　　　　　　　　　　　BY: _[signature]_____
　　　　　　　　　　　　　　　　　　　James D. Burger, Esquire
　　　　　　　　　　　　　　　　　　　Douglas M. Weck, Esquire
　　　　　　　　　　　　　　　　　　　Attorneys for Defendants,
　　　　　　　　　　　　　　　　　　　Bob's Discount Furniture and
　Dated:　April 19, 2021　　　　　　　　Bob's Discount Furniture LLC

26990940v.1

**I.     PRELIMINARY STATEMENT**

Plaintiff claims that she tripped over her loveseat in her home after an Any Furniture Repairs technician left the loveseat in an unrepaired condition between visits to replace a torn cushion. She has sued Bob's for negligence based on the unremarkable fact that she originally purchased the loveseat from Bob's.

Plaintiff's complaint fails to state a viable negligence cause of action against Bob's. First, Plaintiff does not allege, let alone explain, any facts that would make Bob's vicariously liable for the purported negligence of an Any Furniture Repairs employee. It is well-established under Pennsylvania law that Bob's cannot be held vicariously liable for an independent contractor's negligence. Second, the facts as alleged by Plaintiff do not support a negligence cause of action against Bob's. Bob's is simply not responsible for Plaintiff's trip-and-fall over her loveseat in her own house, notwithstanding that Bob's sold her the loveseat.

**II.    FACTUAL AND PROCEDURAL BACKGROUND**

1.     Plaintiff claims that she tripped on her loveseat in her home after an Any Furniture Repairs technician left the loveseat in an unrepaired condition between repair visits. (Doc. No. 1-3, p. 1; ¶¶ 10, 13, 16.) (The loveseat had a recliner function where the "legs" extend when in the reclined position, and upon information and belief, the legs may have been left in the extended position by the Any Furniture Repair technician, and Plaintiff tripped over the extended legs.)

2.     A Bob's Discount Furniture retailer sold the loveseat to Plaintiff on March 25, 2018, and the item was delivered on April 3, 2018. (Id., ¶¶ 9, 14)

3.     Nearly one year after delivery, Plaintiff made a warranty request to have a torn cushion replaced. (Id., ¶¶ 10, 14.)

-2-

4. On February 16, 2019, an employee of independent contractor Any Furniture Repairs went to Plaintiff's home to replace the cushion but did not finish the repair that day. (Id., ¶¶ 10, 13.)

5. The Any Furniture Repairs employee left the loveseat in an unrepaired state until their final repair visit. (Id., ¶¶ 10, 13.)

6. Plaintiff claims that on February 28, 2019, she injured herself when she tripped and fell over her loveseat in her own home while it was still in the unrepaired state. (Id., ¶ 16.)

7. Thus, the furniture had been in the same state for twelve (12) days and within Plaintiff's own home and her exclusive possession and control when she tripped over it. (Id., ¶¶ 10, 13, 16.)

8. Plaintiff alleges the unrepaired state of the furniture created a tripping hazard, and therefore this condition was not one that existed at the time Bob's sold the furniture, but rather it was allegedly created by Any Furniture Repairs a year after the furniture had been sold and in use.

9. On February 24, 2021, Plaintiff filed her negligence complaint in the Philadelphia Court of Common Pleas. (Doc. No. 1-3.)

10. On April 7, Any Furniture removed the matter to this Court, invoking this Court's diversity jurisdiction. (Doc. No. 1.)

11. Bob's Discount Furniture consents to the removal.

12. Plaintiff pleads a single[1] count of negligence against Bob's Discount Furniture for somehow negligently causing her trip and fall over her loveseat in her own home. (Doc. No. 1-3, ¶¶ 18-25.)

---

[1] Plaintiff's complaint contains two identical Count Ones. In the event that this Court does not dismiss the complaint against it, Bob's Discount Furniture hereby moves to strike the second Count

-2-

11. Bob's Discount Furniture now moves to dismiss the complaint for failure to state a claim. Because amendment would be futile, dismissal with prejudice is warranted.

## III.   LEGAL ARGUMENT

Plaintiff alleges that an Any Furniture Repairs repair technician, not an employee of Bob's, left her loveseat in a state of disrepair in her home between visits to repair a cushion. She claims that she tripped over her loveseat during the time it was left unrepaired in her home. Although Plaintiff purchased the loveseat from Bob's, Plaintiff has not pleaded any facts that could show any actionable negligence or vicarious liability on the part of Bob's. Her complaint against Bob's should be dismissed with prejudice.

### A.   Iqbal/Twombly Standard

To overcome a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. If the well-pleaded factual allegations of the complaint only suggest "the mere possibility of misconduct," then the complaint must be dismissed because it has only "alleged" but not "shown" that the plaintiff is entitled to relief. Id. at 679; see also Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief" (emphasis added)). Put differently, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief," and

---

One, ¶¶ 26-33, as redundant. See Fed. R. Civ. P. 12(f) ("The court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter.").

must be dismissed.  Iqbal, 556 U.S. at 678 (internal quotation marks omitted); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level.").

Because a complaint must "set out sufficient factual matter to show that the claim is facially plausible," "conclusory," "bare-bones, and "threadbare" statements will be disregarded and will not protect a plaintiff from dismissal.  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotation marks omitted).  Courts "are not bound to accept as true a legal conclusion couched as a factual allegation."  Iqbal, 556 U.S. at 678 (internal quotation marks omitted).

Although a plaintiff is generally permitted leave to amend the complaint when it is vulnerable to a motion to dismiss, leave need not be granted where amendment "would be inequitable or futile."  Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

**B.  Bob's is not liable for the purported negligence of independent contractor Any Furniture Repairs.**

Plaintiff does not allege any facts that would make Bob's vicariously liable for the purported negligence of an Any Furniture Repairs employee or independent contractor.  Plaintiff pleads that Any Furniture Repairs was independently contracted to repair Bob's furniture that was under warranty and that an Any Furniture Repairs technician left her loveseat in a state of disrepair. (Doc. No. 1-3, ¶¶ 10, 13-14.)  Plaintiff does not plead that Bob's retained control over the work of Any Furniture Repairs, or that Any Furniture Repairs was somehow not reasonably qualified to perform furniture repairs.  As alleged, the Any Furniture Repairs technician was an employee of Any Furniture Repairs and a mere independent contractor of Bob's.  Thus, Plaintiff fails to state a claim against Bob's.

-5-

It is well-settled under Pennsylvania law[2] that a defendant is not vicariously liable for an independent contractor's negligence. See, e.g., Beil v. Telesis Constr., Inc., 11 A.3d 456, 466 (Pa. 2011) ("This foundational law is based upon the longstanding notion that one is not vicariously liable for the negligence of an independent contractor, because engaging an independent contractor implies that the contractor is independent in the manner of doing the work contracted for."); Hader v. Coplay Cement Mfg. Co., 189 A.2d 271, 277 (Pa. 1963) ("Ordinarily one who engages an independent contractor is not responsible for the acts of such independent contractor or his employees."); Steiner v. Bell of Pa., 626 A.2d 584, 586 (Pa. Super. 1993) ("The established law in Pennsylvania provides that an employer of an independent contractor is not liable for physical harm caused to another by an act or omission of the contractor or his servants.").

Here, Plaintiff alleges that the tripping hazard was created by Any Furniture Repairs — not Bob's.  However, Bob's cannot be vicariously liable for the alleged negligence of the Any Furniture Repair technician, as this person was, at most, an independent contractor.  The law on this point is clear, and Bob's cannot be vicariously liable under the facts pleaded in this case.  As such, Bob's is entitled to have this matter dismissed as a matter of law because Plaintiff's complaint fails to state a claim upon which relief can be granted.

### C.    Plaintiff does not have a negligence cause of action against Bob's on these facts.

In addition, Plaintiff does not have a negligence cause of action against Bob's on these facts.  Thus, Plaintiff cannot state a negligence claim against Bob's, and dismissal is appropriate.

To state a negligence cause of action under Pennsylvania law, a plaintiff must show: "(1) the defendant owed the plaintiff a duty or obligation recognized by law; (2) the defendant breached

---

[2] Liggon-Redding v. Estate of Sugarman, 659 F.3d 258, 262 (3d Cir. 2011) ("A federal court sitting in diversity must apply state substantive law and federal procedural law." (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

that duty; (3) a causal connection existed between the defendant's conduct and the resulting injury; and (4) actual damages occurred." Grove v. Port Auth., 218 A.3d 877, 889 (Pa. 2019) (internal quotation marks omitted).

### 1. Bob's owed no duty to Plaintiff to protect her from tripping over her own furniture in her own home.

Plaintiff's allegations do not support the elements for a negligence cause of action. First, Bob's owed no duty to plaintiff to protect her from tripping over her own furniture in her own home. The alleged tripping hazard was not a result of the condition of the furniture when it left Bob's possession. Rather, the furniture had been in use for nearly a year, and Plaintiff alleges that Any Furniture Repair left it in an unrepaired state. That condition existed within Plaintiff's exclusive possession in her home for twelve (12) days prior to the accident.

The present allegations are unique in that Plaintiff alleges that Bob's is liable to Plaintiff for the physical position of Plaintiff's furniture within Plaintiff's home, despite the fact that Bob's did not position Plaintiff's furniture. Pennsylvania law does not extend a duty to Plaintiff under these facts.

Generally, under Pennsylvania law a "landowner is under an affirmative duty to protect a business visitor not only against known dangers but also against those which might be discovered [by the landowner] with reasonable care." Emge v. Hogosky, 712 A.2d 315, 317 (Pa. Super. 1998) (citation omitted); Cagey v. Commonwealth, 179 A.3d 458, 466 (Pa. 2018) ("[A]t common law, a possessor of land is liable for harm caused by a dangerous condition that he would have discovered through the exercise of reasonable care."); see also Restatement (Second) of Torts, § 343 (possessor of property responsible for conditions of their property). Pennsylvania does not place the duty alleged in this case on furniture retailers that sell run-of-the-mill loveseats, where the common law has already placed that duty on those in possession of their own homes and property.

Plaintiff would be in the best (and perhaps only) position to move her loveseat out of the way or simply avoid walking near it until it was fully repaired. Bob's would not have any right, and therefore no responsibility, to enter Plaintiff's home and rearrange her furniture.

Relatedly, a furniture retailer, or anyone for that matter, would not reasonably foresee that selling a loveseat with a cushion that might develop a tear after a year of use would somehow create an unreasonable risk of the purchaser tripping over the loveseat in their own home. Cushion durability is totally distinct from trip-and-fall risk. See, e.g., Campo v. St. Luke's Hosp., 755 A.2d 20, 24 (Pa. Super. 2000) ("[A] duty arises only when one engages in conduct which foreseeably creates an unreasonable risk of harm to others.").

Finally, if retailers of run-of-the-mill furniture become the insurers of furniture-related trip-and-falls in living rooms across Pennsylvania, furniture would become overly expensive, which is not in the public interest. Policy considerations do not support imposing such a duty. See generally Althaus v. Cohen, 756 A.2d 1166, 1169, (Pa. 2000) ("The determination of whether a duty exists in a particular case involves the weighing of several discrete factors which include: (1) the relationship between the parties; (2) the social utility of the actor's conduct; (3) the nature of the risk imposed and foreseeability of the harm incurred; (4) the consequences of imposing a duty upon the actor; and (5) the overall public interest in the proposed solution."); Feleccia v. Lackawanna Coll., 215 A.3d 3, 34 (Pa. 2019) ("In cases in which we have considered whether one party owed a duty to another, this Court time and again has observed that the concept of duty amounts to the sum total of those considerations of policy which led the law to say that the particular plaintiff is entitled to protection." (internal quotation marks omitted)).

Bob's has no duty with respect to the physical positioning of Plaintiff's furniture within her home. Plaintiff is improperly seeking to foist responsibility for the placement of the furniture

in her home on Bob's, but Bob's played no role in the physical position of her furniture. It is Plaintiff's responsibility to avoid or address possible trip-and-fall hazards in her own home, not Bob's. If the loveseat was somehow a tripping hazard because of how the Any Furniture Repairs technician left it, then it was Plaintiff's exclusive possessor responsibility to render her premises and furniture safe in the twelve days that passed between the creation of that condition and the accident. The present motion to dismiss should therefore be granted, as Bob's does not owe the duty alleged in this negligence matter.

### 2. Plaintiff's furniture was "open and obvious" to Plaintiff.

Plaintiff's loveseat was "open and obvious" within her home, and therefore Bob's is not liable for Plaintiff's alleged fall. Indeed, the furniture had apparently been in the same state for twelve (12) days when the accident occurred. Therefore, Plaintiff had both actual and constructive notice of the objectively open and obvious condition.

No duty under Pennsylvania law exists to warn of risks that are open and obvious. Fleck v. KDI Sylvan Pools, Inc., 981 F.2d 107, 119 (3d. Cir. 1997). "[T]he law of Pennsylvania does not impose liability if it is reasonable for the possessor to believe that the dangerous condition would be obvious to and discovered by his invitee." Atkins v. Urban Redevelopment Auth. of Pittsburgh, 414 A.2d 100, 104 (Pa. 1980); Carrender v. Fitterer, 469 A.2d 120, 121 (Pa. 1983); Palenscar v. Michael J. Bobb, Inc., 266 A.2d 478, 480, 483 (Pa. 1970) (same); Repyneck v. Tarantino, 202 A.2d 105, 107 (1964) (Pa. same); Kubacki v. Citizens Water Co., 170 A.2d 349 (Pa. 1961) (same). A danger is deemed to be "obvious" when "both the condition and the risk are apparent to and would be recognized by a reasonable man, in the position of the visitor, exercising normal perception, intelligence, and judgment." Restatement (Second) of Torts, § 343A comment b.

The test for "obvious danger" is an objective one. "A danger is deemed to be 'obvious' when both the condition and risk are apparent to and would be recognized by a reasonable man, in the position of the visitor, exercising normal perception, intelligence, and judgment." Carrender, 469 A.2d at 123 (citation and internal quotation marks omitted). The condition and position of one's own furniture within their home for twelve days is "open and obvious" to any reasonable person. Even if Plaintiff's furniture created a tripping hazard, Plaintiff had the right, opportunity and duty to exercise normal precautions and judgment in regards her own loveseat. Whether Plaintiff moved the furniture or it remained in the same position after Any Furniture Repair left is irrelevant as either scenario involves Plaintiff as the party responsible for the conditions inside her home. As such, even if the state of the furniture created a tripping hazard, that condition was plainly "open and obvious" to Plaintiff and Bob's is entitled to have this matter dismissed, with prejudice.

### 3. There is no causal connection between Bob's conduct and Plaintiff's fall.

The occurrence of an accident does not give rise to an inference that the injured person was the victim of negligence. Estate of Swift by Swift v. Ne. Hosp., 690 A.2d 719, 722 (Pa. Super. 1997); Moultrey v. Great A & P Tea Co., 422 A.2d 593 (Pa. Super. 1980). To establish causation, "[i]t is not sufficient . . . [that an] act may be viewed, in retrospect, to have been one of the happenings in the series of events leading up to an injury." Brown v. Phila. Coll. of Osteopathic Med., 760 A.2d 863, 868 (Pa. Super. 2000). Rather, the plaintiff must also show that the purported wrongful action was a "substantial factor" in bringing about the harm, meaning that the harm was "reasonably foreseeable as a normal and probable consequence" of the action. Eckroth v. Pa. Elec., Inc., 12 A.3d 422, 429 (Pa. Super. 2010).

For example, in <u>Eckroth</u>, a utility company wrongfully terminated power to a home. Subsequently, one of the residents lit candles to illuminate the interior and left them burning overnight. Tragically, the unattended candles caused a fatal house fire. The Superior Court determined that the utility company could not be liable for the fire because its termination of power was not a substantial factor causing the fire. The court reasoned that the residents' choice to forego battery-powered lights and leave lit candles unattended on a shelf overnight made it such that the fire was not a "reasonably foreseeable . . . normal and probable consequence" of cutting the power. <u>Id.</u> at 429.

Like in <u>Eckroth</u>, Plaintiff's trip and fall was not a reasonably foreseeable normal and probable consequence of Bob's sale of a loveseat that later developed a cushion tear that required service. Plaintiff does not show that Bob's could reasonably foresee that the cushion tear would occur, that an independent contractor would leave the loveseat in disrepair between repair visits, that Plaintiff herself would not render the loveseat safe in her home, and/or that Plaintiff would not take reasonable care to avoid a condition that was known to her. Thus, Plaintiff cannot establish that Bob's conduct in selling her a loveseat was somehow a substantial cause of her trip-and-fall in her own home.

        **4.    Without notice, Bob's cannot be liable for the alleged dangerous condition in Plaintiff's home.**

Bob's is not alleged to have notice of the condition in Plaintiff's home prior to the accident. Without notice, the negligence claim premised upon the alleged dangerous condition in Plaintiff's home fails as matter of law.

Under Pennsylvania law, a plaintiff must show that the defendant had actual or constructive notice of a condition to impose liability. <u>Estate of Swift</u>, 690 A.2d at 723. An invitee must prove either the proprietor of the land had a hand in creating the harmful condition, or he had actual or

-10-

constructive notice of such condition. Id.  Constructive notice arises only where the plaintiff demonstrates "that the condition existed for such a length of time that in the exercise of reasonable care the owner should have known of it." Moultrey, 422 A.2d at 596.

Here, Bob's is not the owner or possessor of the property and cannot be deemed to have notice of the condition of Plaintiff's home. The present unique claim of negligence again renders the case law somewhat imperfect by way of analogy, as Plaintiff herself would be the party responsible for the conditions in her home. The analogy is imperfect, however, to Plaintiff's detriment because the law shows that Plaintiff is the party charged with notice of the conditions in her home.  Bob's, on the other hand, had no notice or even any opportunity for notice as only Any Furniture Repairs had been in Plaintiff's home at any time relevant to this case.

Bob's did not create the alleged condition, have control or possession over the alleged condition, and had no notice of the alleged condition.  As such, Bob's is entitled to have Plaintiff's complaint dismissed, with prejudice.

### IV.   CONCLUSION

Based upon the foregoing, Plaintiff fails to state a claim for relief against Bob's Discount Furniture.  Because amendment would be futile on this fact pattern, dismissal with prejudice is warranted.

WHITE AND WILLIAMS LLP

BY: /s/ James D. Burger
James D. Burger, Esquire
Douglas M. Weck, Esquire
Attorneys for Defendants,
Bob's Discount Furniture and
Bob's Discount Furniture LLC

Dated:  April 19, 2021

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONICA CHAMBERS<br>                Plaintiff,<br><br>v.<br><br>BOB'S DISCOUNT FURNITURE, and BOB'S DISCOUNT FURNITURE LLC c/o CORPORATION SYSTEMS and ANY FURNITURE REPAIRS, INC. and JOHN DOE<br><br>                Defendant. | CIVIL ACTION<br><br>2:21-CV-01642 |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the attached motion has been filed electronically and is available for viewing and downloading from the United States District Court Eastern District of Pennsylvania Electronic Filing System. Service is thereby made electronically upon all counsel of record in this matter.

                                                                                                                              WHITE AND WILLIAMS LLP

                                                      BY: _____
                                                                     James D. Burger, Esquire
                                                                      Douglas M. Weck, Esquire
                                                                      Attorneys for Defendants,
                                                                      Bob's Discount Furniture and

Dated: April 19, 2021                                         Bob's Discount Furniture LLC

26990940v.1