IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONICA CHAMBERS, | : | Civil No. 1:21-CV-01188 |
| Plaintiff, | : | |
| v. | : | |
| BOB'S DISCOUNT FURNITURE, *et. al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

### **MEMORANDUM**

This is a diversity suit brought under Pennsylvania law. Plaintiff, Ronica Chambers ("Chambers"), alleges that Defendants Bob's Discount Furniture and Bob's Discount Furniture LLC (collectively "Bob's") are negligent and vicariously liable for her injuries resulting from a slip and fall incident. (Doc. 1-3.) The case is presently before the court on a motion to dismiss the complaint for failure to state a claim upon which relief may be granted filed by Bob's. (Doc. 4.) For the reasons that follow, the motion is granted.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

According to the allegations in the complaint, on or about February 28, 2019, Chambers purchased a broken and defective chair from Bob's. (Doc. 1-3, ¶¶ 13–14.) At some point after purchasing the chair, Chambers fell to the ground after coming into contact with the chair, which allegedly resulted in injuries, including: "left posterior heal spur, left Achilles tendinosis, foot injury requiring

1

surgical repair resulting in skin discoloration and permanent scarring, musculoskeletal injuries." (*Id.* ¶¶ 16, 20.)

In addition to Bob's, Chambers names as defendants Any Furniture Repairs Inc. ("Any Furniture") and John Doe. (*Id.*) The complaint alleges that Any Furniture was hired and/or contracted to perform necessary repairs to furniture that was sold by Bob's and was under warranty. (*Id.* ¶ 10.) In addition, John Doe, whose identity is unknown, is a contractor and/or sub-contractor of Any Furniture Repairs that potentially had responsibility for the maintenance, repair, and control of any and all furniture sold by Bob's. (*Id.* ¶¶ 6–8.) As a result of this accident and her injuries, Chambers alleges that she may suffer "a severe loss of earnings and impairment of earning power and capacity" as well as incurring financial expenses. (*Id.* ¶¶ 23–24.)

Chambers initiated this action via complaint on February 24, 2021, in the Court of Common Pleas for Philadelphia County. (Doc. 1.) The case was removed to the Eastern District of Pennsylvania on April 6, 2021 (Doc. 1), and then transferred to this court on July 7, 2021. In Count I of the complaint, Chambers alleges that Bob's was vicariously liable and negligent in causing Chambers's slip and fall accident. (Doc. 1-3, ¶¶ 18–25.)[1] Bob's moved to dismiss

---

[1] The complaint includes two identical Count I's. Accordingly, the court will treat the two Count I's as one count.

2

Chambers's complaint for failure to state a claim upon which relief may be granted on April 19, 2021.  (Doc. 4.)  Briefing on the motion is complete, and the motion is ripe for the court's disposition.  (Docs. 4, 7, 8.)

### JURISDICTION AND VENUE

This court has jurisdiction under 28 U.S.C. § 1332 as the parties have complete diversity and the amount in controversy exceeds $75,000.  Further, venue is appropriate pursuant to 28 U.S.C. § 1391 because the events detailed in the complaint occurred within the Middle District of Pennsylvania.

### STANDARD OF REVIEW

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting *Twombly*, 550 U.S. at 556).  "Conclusory allegations of liability are insufficient" to survive a motion to dismiss.  *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678–79).  To determine whether a complaint survives a motion to dismiss, a court identifies "the elements a plaintiff must plead to state a claim for relief," disregards the allegations "that are no more than

3

conclusions and thus not entitled to the assumption of truth," and determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

## DISCUSSION

### A. Chambers's Vicarious Liability Claim Against Bob's Is Dismissed

Chambers attempts to assert a claim for vicarious liability against Bob's by alleging, "[a]t all times material hereto, defendant, [Any Furniture] was hired and/or contracted to perform necessary repairs for furniture sold by defendants BDF and/or BDF LLC which was under warranty," and, "[u]pon information and belief, Defendant, John Doe, is that of a contractor and/or sub-contractor." (Doc. 1-3, ¶¶ 6, 10.)  Bob's argues that Chambers does not plead facts that would make Bob's vicariously liable for the alleged negligence of Any Furniture and also fails to plead that Bob's retained control over the work of Any Furniture.  (Doc. 4, p. 4.) Bob's further contends that Chambers cannot sustain a cause of action for vicarious liability because the Any Repair technician was an independent contractor, and a claim of vicarious liability against an independent contractor is not supported by Pennsylvania law.  (*Id.* at 5.)  In contrast, Chambers argues that it would be improper and premature to dismiss Bob's at this point in time because discovery has not taken place.  (Doc. 7, pp. 3–4.)

4

The court agrees with Bob's. Generally, in Pennsylvania, employers are not liable for the acts or omissions of an independent contractor or his employees. *Lutz v. Cybularz*, 607 A.2d 1089, 1091 (Pa. Super. Ct. 1992) (citing *Ortiz v. Ra-el Development Corp.*, 528 A.2d 1355, 1357 (Pa. Super. Ct. 1987)).[2] There are three narrow exceptions to this general rule: (1) "the owner has retained control of the work designated to the contractor"; (2) the work creates a peculiar unreasonable risk of harm [redacted] danger to others unless precautions are taken"; or (3) "the owner negligently selected a contractor." *Hart Trucking Repair v. Robb H, Inc.*, No. 1051 EDA 2014, 2015 WL 7282631, at *15 (Pa. Super. Ct. May 11, 2015) (first citing *Mentzer v. Ognibene*, 597 A.2d 604, 610 (Pa. Super. Ct. 1991); then citing *Wilk v. Haus*, 460 A.2d 288, 294 (Pa. Super. Ct. 1983)). According to the allegations in the complaint, Any Furniture is an independent contractor, and John Doe is an employee of Any Furniture. (*See* Doc. 1-3, ¶¶ 6, 10.) Thus, Bob's cannot be vicariously liable for the negligence of Any Furniture or John Doe according to Pennsylvania law unless one of the exceptions to the general rule applies. Chambers did not allege that any of the three exceptions apply, and no facts in the complaint support the inference that an exception applies.

---

[2] The court will be applying Pennsylvania law because the accident at issue occurred in Pennsylvania.

Accordingly, Chambers's claim for vicarious liability against Bob's will be dismissed.

### B. Chambers's Negligence Claim Against Bob's Is Dismissed

Bob's argues that Chambers's allegations do not support a negligence cause of action against Bob's because Bob's owed her no duty to protect her from tripping over furniture in her own home. (Doc. 4, p. 6.) Bob's also argues that a reasonable landowner could not foresee a purchaser tripping over a loveseat after a year of use. (*Id.* at 7.) Contrary to Bob's contentions, Chambers argues that she sufficiently pleaded facts to support the elements of a negligence claim against Bob's. (Doc. 7, p. 4.) Chambers further contends that it would be premature to dismiss Bob's from the case because discovery has not taken place to uncover whether Bob's owed a duty of care to Chambers. (Doc. 7, p. 4.)

After reviewing the Parties' arguments, the court again agrees with Bob's. To survive a motion to dismiss, a complaint must provide more than conclusory allegations of liability. *Garrett*, 938 F.3d at 92 (quoting *Iqbal*, 556 U.S. at 678–79). Here, Chambers's negligence claim consists of conclusory allegations that fail to provide facts to plausibly support that Bob's was negligent. Chambers asserts that Bob's is negligent by: allowing a dangerous and defective condition to exist, allowing broken and/or faulty chairs to be sold to business invitees, failing to correct, failing to inspect, failing to hire and/or supervise, failing to warn, and

negligence per se, but she fails to allege facts to support a reasonable inference that these allegations may be true.  (Doc. 1-3, ¶ 27 (a)–(j).)  Therefore, Chambers's negligence claim fails to meet the standard to survive a motion to dismiss, and her negligence claim against Bob's will be dismissed.

The court will, however, grant Chambers leave to amend her complaint, because the court finds that amendment of the complaint would be neither inequitable nor futile.  *See, e.g.*, *Banks v. Allstate Fire & Cas Ins. Co.*, 454 F. Supp. 3d 428, 438 (M.D. Pa. 2020).

## CONCLUSION

For the foregoing reasons, Bob's motion to dismiss is granted and Chambers's complaint is dismissed without prejudice.  An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: August 6, 2021